Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1964 | DATE | 4-11-08 |
| CASE TITLE | Antione Leron Willis (#2006-0073927 / #B-59729) vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff is granted thirty days in which either to file an *in forma pauperis* application on the enclosed form with the supporting information required by 28 U.S.C. § 1915(a)(2) or pay the full $350 filing fee. The plaintiff must also submit an amended complaint (plus a judge's copy and service copies). The clerk is directed to send the plaintiff an i.f.p. application, an amended complaint form, and instructions along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.

■ [For further details see text below.]    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 but has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*.

The Prison Litigation Reform Act ("PLRA") requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. The court must first assess an initial partial filing fee on all inmates who bring suit in an amount that is 20% of the greater of:

(A)  the average monthly deposits in the prisoner's account; or
(B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). The court will direct prison officials to deduct the initial filing fee payment directly from the plaintiff's trust fund account. Thereafter, correctional authorities having custody of the plaintiff will have authority (and are required) to make monthly payments to the court of 20% of the preceding month's income credited to the trust fund account until such time as the full filing fee is paid.

To enable the court to make the necessary initial assessment of the filing fee, the plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month

**(CONTINUED)**

mjm

period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Thus, if the plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the immediately preceding six-month period (that is, from October 7, 2007, to April 7, 2008). The plaintiff must, within thirty days, **either** file an *in forma pauperis* application on the enclosed form with the information required by § 1915(a)(2) or pay the full $350 filing fee.

The plaintiff must also submit an amended complaint (plus a judge's copy and a sufficient number of copies for service on each defendant named in the amended pleading). The complaint submitted does not meet the basic requirements of Fed. R. Civ. P. 8(a), which requires a "short and plain statement" of the plaintiff's claims. The plaintiff states only, "I want [to be] compensated for my loss of apartment, my car, the medical attention after being injured during arrest, and losing my job." The plaintiff does not indicate how any constitutional or federally protected right has been violated.

Nor has the plaintiff named a proper defendant. The Eleventh Amendment bars private litigants' suits against the State, with the exception of causes of action where Congress has abrogated the states' traditional immunity through its powers under the Fourteenth Amendment. *Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Furthermore, a local governmental entity is liable for damages under 42 U.S.C. § 1983 only if a plaintiff can show that an alleged constitutional deprivation occurred as a result of an official policy, custom, or practice. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

As an additional concern, the plaintiff's litigation history indicates that he previously filed suit in state court against the police officer who shot the plaintiff when he arrested him. If the plaintiff is attempting to refile the same suit in federal court, he is forewarned that the doctrine of *res judicata* would most likely bar him from relitigating the matter in federal court. Claim preclusion, or *res judicata*, prevents parties from bringing a second suit raising the same claims brought in an earlier lawsuit that resulted in a final judgment on the merits. *Cole v. Bd. of Trustees for the Univ. of Ill.*, 497 F.3d 770, 772-73 (7th Cir. 2007). The plaintiff may wish to pursue the appeal process in connection with the dismissal of his excessive force suit; however, he may not start over in federal court.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The plaintiff must name as defendant(s) those individuals who allegedly violated a constitutional or federally protected right; he must also provide a brief statement of facts underlying his claims.

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. **As with every document filed with the court, the plaintiff must provide** (CONTINUED)

## STATEMENT (continued)

an extra copy for the judge; **he must also submit a service copy for each defendant named in the amended complaint.** The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files. The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

In sum, the plaintiff must: (1) either file a properly completed petition to proceed *in forma pauperis* or pay the statutory filing fee; and (2) submit an amended complaint, plus judge's and service copies. The Clerk will provide the plaintiff with the necessary forms along with a copy of this order. Failure of the plaintiff to comply with this order within thirty days will result in summary dismissal of this case.