# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 1964 | DATE | 5-16-08 |
| CASE TITLE | Antione Leron Willis (#2006-0073927 / #B-59729) vs. State of Illinois, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's renewed motion for leave to proceed *in forma pauperis* [#7] is granted. The court authorizes and orders Cook County Jail officials to deduct $10.82 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. On the court's own motion, the amended complaint is dismissed as to defendant Triantafillo pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The clerk is directed to: (1) send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608; (2) terminate Triantafillo and the State of Illinois as defendants; (3) issue summonses for service of the amended complaint on defendant Wagner by the U.S. Marshal; and (4) send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [For further details see text below.]                    Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the State of Illinois and two police officers, violated the plaintiff's constitutional rights by wrongfully prosecuting him, by committing perjury in the criminal proceedings, and by using unjustified force in arresting the plaintiff.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $10.82. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook

(CONTINUED)

mjm

**STATEMENT (continued)**

County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states a colorable cause of action against defendant Wagner under the Civil Rights Act. A police officer may use only "reasonable" force when effecting an arrest. *See, e.g., Smith v. City of Chicago*, 242 F.3d 737, 743 (7th Cir. 2001). While a more fully developed record may establish that the plaintiff's shooting was justified (or that the claim is barred by res judicata, *see* Minute Order of April 11, 2008), defendant Wagner must respond to the amended complaint.

However, the amended complaint is dismissed on preliminary review as to "the People of the State of Illinois" and Officer Triantafillo.

As discussed in the court's prior order, the Eleventh Amendment bars suits against the State of Illinois. *See, e.g., Joseph v. Board of Regents of University of Wisconsin System*, 432 F.3d 746, 748 (7th Cir. 2005). Furthermore, the plaintiff cannot challenge his prosecution or conviction by way of a civil rights action. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. If the plaintiff seeks federal review of his conviction, he must file a petition for a writ of habeas corpus (assuming he can meet the basic requirements of 28 U.S.C. § 2254, particularly the prerequisite that a habeas petitioner exhaust state court remedies prior to filing his federal petition).

The plaintiff cannot sue defendant Triantafillo for perjury. Such a claim necessarily calls into question the validity of the plaintiff's conviction; in any event, the Civil Rights Act does not authorize a convicted person to assert a damages claim against a police officer for giving perjured testimony at his criminal trial. *See Briscoe v. LaHue*, 460 U.S. 325, 342-43 (1983); *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003), overruled on other grounds by *Wallace v. City of Chicago*, 440 F.3d 421, 427 (7th Cir. 2006).

For the foregoing reasons, the amended complaint is dismissed as to Triantafillo and the State of Illinois. The plaintiff may proceed only on his excessive force claim against Wagner.

The clerk shall issue summons for service of the amended complaint on defendant Wagner only. The United States Marshals Service is appointed to serve the defendant. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendant. If Wagner can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for **(CONTINUED)**

## STATEMENT (continued)

proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. **The plaintiff, who continues to ignore the court's repeated admonitions about filing requirements, is once again reminded that he must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on behalf of the defendant]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. In the future, any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.