UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Antoine L. Willis, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1964 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | |
| Joseph Wagner, | ) | Magistrate Judge Denlow |
| | ) | |
| Defendant. | ) | |

**DEFENDANT WAGNER'S MOTION FOR LEAVE TO FILE
HIS MOTION TO DISMISS *INSTANTER* AND STAY HIS ANSWER**

Defendant Joseph Wagner, by one of his attorneys, Shneur Nathan, Assistant Corporation Counsel of the City of Chicago, respectfully requests this Honorable Court (a) grant him leave to file his 12(b)(6) Motion to Dismiss *Instanter*; and (b) stay the time for his Answer until his Motion to Dismiss is ruled upon by the Court. In support of this motion, Defendant Wagner states as follows:

1. All Defendant Wagner was recently been served with process and has appeared.

2. Initial status has not yet been set in this matter.

3. Defendant Wagner is now prepared to file his Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) attached hereto as Exhibit A. (*See* Ex. A.)

4. In order to promote efficiency and avoid confusion, Defendant Wagner seeks leave to file his Answer to Plaintiff's First Amended Complaint after his Motion to Dismiss is ruled upon. *See Oil Express National, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220-21 (N. D. Ill. 1997) (staying time to answer complaint during the pendency of a motion to dismiss).

5. This motion is not being made for purposes of delay and Defendant Wagner will be greatly prejudiced if leave is not granted.

WHEREFORE, Defendant Wagner respectfully requests that this Honorable Court grant him leave to file his Motion to Dismiss *instanter* and stay the period for filing his Answer until that motion is ruled upon.

Respectfully submitted,

Defendant Joseph Wagner

By: /s/ Shneur Z. Nathan
SHNEUR Z. NATHAN
Assistant Corp. Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 06294495

# CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2008, I electronically filed the foregoing **Defendant Wagner's Motion for Leave to File his Motion to Dismiss *Instanter*** using the Court's CM/ECF electronic filing system, and caused a copy of that motion to be sent via U.S. Mail to the *pro se* plaintiff at the address listed on the Amended complaint, the Court's electronic docket, and indicated below:

Antoine Willis (2006-0073927)
Cook County Jail
P.O. Box 089002
Chicago, Illinois 60608

/s/ Shneur Z. Nathan
SHNEUR Z. NATHAN
Assistant Corporation Counsel

30 North LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-1842
Atty. No. 06294495

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Antoine L. Willis, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1964 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | |
| Joseph Wagner, | ) | Magistrate Judge Denlow |
| | ) | |
| Defendant. | ) | |

# Exhibit A

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Antoine L. Willis, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 C 1964 |
| | ) | |
| v. | ) | Judge Norgle |
| | ) | |
| Joseph Wagner, | ) | Magistrate Judge Denlow |
| | ) | |
| Defendant. | ) | |

**DEFENDANT WAGNER'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

Defendant Joseph Wagner, through one of his attorneys, Shneur Nathan, Assistant Corporation Counsel, respectfully moves pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure to Dismiss Plaintiff's Amended Complaint because it fails to state a claim upon which relief may be granted. In support of this motion, Defendant Wagner states the following:

I.    **LEGAL STANDARD**

The Court should dismiss a claim if the allegations do not plausibly suggest that the plaintiff is entitled to relief beyond a "speculative level." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1964-65 (2007) (lessening movant's burden on a 12(b)(6) motion from the old "no set of facts" test). If a complaint fails to allege a necessary element required to obtain relief, dismissal is in order. *R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co.*, 895 F.2d 279, 281 (7th Cir. 1989). While it is true that a plaintiff need only plead a "short and plain statement," that statement still must give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002). Moreover, claims of excessive force are not exempt from Rule 8(a). *See Laningan v. Village of East Hazel Crest*, 110 F.3d 467, 476 (7th Cir. 1997) (no per se rule against dismissing an excessive force claim solely on pleadings).

## II.  THE COMPLAINT FAILS TO ALLEGE USE OF UNREASONABLE FORCE.

In order to state a claim under Section 1983, at a minimum, a plaintiff must allege (1) the defendants acted under color of law; and (2) those actions deprived plaintiff of a specific constitutional right. *Chapman v. Stricker*, 81 Fed.Appx 77 (7th Cir. 2003) citing *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). Plaintiff alleges that "Joseph Wagner was the officer who shot me while been (sic) place (sic) under arrest resulting me (sic) sustain injury." Amend. Cmpl., Dkt. # 11 at p.4 ¶ 2. The amended complaint contains no further allegations relating to Defendant Wagner and offers no further information regarding the circumstances of the alleged shooting. *See* Amend. Cmpl., Dkt. # 11 at p.4.

Fatal to the Amended Complaint is the conspicuous absence of any allegation to suggest the force allegedly used was excessive, unnecessary, or unreasonable. Yet to state a claim for excessive force, a §1983 plaintiff must at a minimum allege the force used was unreasonable under the circumstances. *Truesdale v. Guerra*, 07-3058, 2008 WL 1968773, at *6 (N.D. Ill. May 1, 2008) (dismissing excessive force claim at pleading stage because it lacked threshold allegation of *unnecessary* force); *see Graham v. Connor*, 490 U.S. 386, 396-97 (1989) (excessive force claims to be analyzed under the Fourth Amendment standard of reasonableness); *Jones by Jones v. Webb*, 45 F.3d 178 (7th Cir. 1995) (reasonableness under the Fourth Amendment is examined under a "totality of the circumstances" approach).

Therefore, Defendant Wagner respectfully requests that this Honorable Court dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted.

|  |  |
|---|---|
|  | Respectfully submitted, |
| 30 North LaSalle Street, Ste. 1400 | Defendant Joseph Wagner |
| Chicago, Illinois 60602 |  |
| 312-742-1842 | By:  */s/ Shneur Z. Nathan* |
| Atty. No. 06294495 | SHNEUR Z. NATHAN |
|  | Assistant Corp. Counsel |