**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ANTIONE WILLIS, ) | |
| ) | |
| Plaintiff, ) | No. 08 C 01964 |
| ) | |
| v. ) | |
| ) | Judge Edmond E. Chang |
| JOSEPH WAGNER, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Antione L. Willis brings this lawsuit against Defendant Joseph Wagner (a Chicago police officer), alleging civil rights violations under 42 U.S.C. § 1983.[1] Willis's claims arise out of a shooting that took place on September 22, 2006. Count 1 alleges that Wagner's use of deadly force in effecting the arrest of Willis was excessive. Count 2 is a claim for false arrest based on an allegation that a gun was planted at the scene of the shooting causing Willis to be charged and convicted on one count of being an armed habitual criminal. Wagner seeks summary judgment [R. 75] on both counts on the grounds that Willis's claims are barred by the doctrine of *Heck v. Humphrey*, 512 U.S. 477 (1994).[2] For reasons set forth below, Wagner's motion for summary judgment is denied as to Count 1 and granted as to Count 2.

---

[1] This Court has subject matter jurisdiction under 28 U.S.C. § 1331.

[2] Wagner has raised multiple arguments for summary judgment in his brief. R. 77. Because Wagner's argument based on *Heck v. Humphrey,* 512 U.S. 477 (1994), is a threshold issue, the Court asked Willis to initially respond only to that issue, R. 86, and it is therefore the only issue addressed in this opinion. The Court addresses below how the parties should proceed given its holding in this opinion.

I.

In deciding summary judgment, the Court views the evidence in the light most favorable to the non-movant, Willis. In September 2006, Willis attended a party at the home of his friend, Curtis Haggert, located on North Keystone Avenue in Chicago, Illinois. R. 89, Pl.'s Stmt. Add'l Material Facts (PSAMF) ¶ 1. Upon leaving Haggert's home, Willis noticed an individual, whom Willis could not identify, coming through the gangway. *Id.* ¶¶ 2-3. The parties' accounts of what occurred at this moment are radically different; for purposes of evaluating a summary judgment motion, Willis's version must be credited. After seeing the individual coming through the gangway, Willis began running down Keystone Avenue to escape what he believed to be a potential threat. *Id* ¶ 3. As Willis ran, Officer Wagner shot him in the back, below Willis's left hip. *Id.* ¶¶ 4-5. According to Wagner, he shot Willis out of fear for his own and his partner's safety after Willis, according to Wagner, "turned to his left side and raised [a] handgun with his right hand." R. 91, Def.'s Resp. to Pl.'s Stmt. of Add'l Material Facts ¶ 4.

In criminal proceedings arising out of this incident, Willis was charged with one count of being an armed habitual criminal, three counts of aggravated unlawful use of a weapon, four counts of unlawful use of a weapon by a felon, and one count of aggravated assault. R. 76, Def.'s Stmt. of Facts (DSOF) ¶ 5. All counts were "merged" into the single count of being an armed habitual criminal. PSAMF ¶ 6. At trial, Willis was convicted on one count of being an armed habitual criminal, *Id.*, and the state court sentenced him to a term of six years' imprisonment. R. 76-1, Def.'s Exh. C

(Illinois App. Ct. Opinion) at 1. This conviction was later affirmed by the Illinois Appellate Court. PSAMF ¶ 7. Having been released from custody and currently on parole Willis now brings this action. *Id.* ¶ 9.

## II.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). All facts, and any inferences to be drawn from them, must be viewed in the light most favorable to the non-moving party. *Wis. Cent. Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008).

## III.

Wagner raises a threshold question of whether this Court's consideration of Willis's claim is prohibited by the doctrine of *Heck v. Humphrey,* 512 U.S. 477 (1994). Wagner contends that Willis's conviction for one count of being an armed habitual criminal bars Willis from litigating both the excessive force and false arrest claims in his complaint. R. 77 (Def.'s Br.) at 12-13.

Under *Heck*, "before a § 1983 plaintiff may recover damages for alleged harm 'caused by actions whose unlawfulness would render a conviction or sentence invalid,' the plaintiff must first prove that his conviction or sentence has been reversed, expunged, or called into question by the grant of a petition for habeas corpus."

3

*VanGilder v. Baker*, 435 F.3d 689, 691 (7th Cir. 2006) (quoting *Heck*, 512 U.S. at 486-87). To properly apply *Heck's* bar against certain damages actions, this Court "must analyze the relationship between the plaintiff's Section 1983 claim and the charge on which he was convicted." *Van Gilder,* 435 F.3d at 691. "*Heck* bars any suit for damages premised on a violation of civil rights if the basis for the suit is inconsistent with or would undermine the constitutionality of a conviction or sentence." *Wiley v. City of Chicago*, 361 F.3d 994, 996 (7th Cir. 2004) (citing *Heck*, 512 U.S. at 486-87). A civil suit will only be allowed to proceed if its success does not also necessarily imply that the plaintiff's underlying conviction was invalid. *Heck,* 512 U.S. at 487. The Supreme Court has recently explained that it was "careful in *Heck* to stress the importance of the term 'necessarily.'" *Nelson v. Campbell,* 541 U.S. 637, 647 (2004). "To hold otherwise would have cut off potentially valid damages actions as to which a plaintiff might never obtain favorable termination—suits that could otherwise have gone forward had the plaintiff not been convicted." *Id.* Recent Seventh Circuit precedent applying *Heck* to excessive force claims applies this principle.

In *Evans v. Poskon,* the Seventh Circuit allowed a prisoner's excessive force claim to proceed against his arresting officer despite having been convicted for resisting arrest in that same altercation. 603 F.3d 362 (7th Cir. 2010). The court observed that among the myriad claims challenging the manner in which an arrest is conducted, many claims will be compatible with the underlying conviction. *Id.* at 363-64. In *Evans*, the plaintiff's resisting-arrest conviction certainly prevented him from arguing that he did not resist in any manner. *Id.* at 364. But he was permitted to argue

4

that the police used excessive force in effecting the arrest, and furthermore to challenge their abuse of him after he had been effectively taken into custody. *Id.*

This case's excessive-force claim falls comfortably within the bounds of *Evans*. Although he was originally *charged* with a number of other crimes, Willis's sole *conviction* and *sentence* was for being an armed habitual criminal. As Wagner concedes in his reply memorandum, *Heck's* bar only applies to charges for which the criminal defendant has been both convicted and sentenced. R. 90 (Def.'s Reply Br.) at 4-5. As such, the merged counts of aggravated unlawful use of a weapon, unlawful use of a weapon by a felon and aggravated assault cannot trigger the *Heck* bar. *Van Gilder,* 435 F.3d at 691 n.1 (highlighting *Heck's* emphasis on both "conviction" and "sentence," and holding that the bar applies only to the "actual conviction," regardless of the original criminal charges). The basis for Willis' conviction for being an armed habitual criminal was that he was found to have unlawfully possessed a firearm on that September night on 2006, and that he had certain prior convictions. 720 ILCS 5/24-1.7(a); R. 76-1, Def.'s Exh. C (Illinois App. Ct. Opinion) at 17-18. The fact that he possessed the gun on the night of his arrest does not foreclose the claim that Wagner allegedly used excessive force in effecting that arrest. *Evans,* 630 F.3d at 364; *Robinson v. Doe,* 272 F.3d 921, 923 (7th Cir. 2001) ("Police might well use excessive force in effecting a perfectly lawful arrest."). To be sure, like the plaintiff in *Evans,* Willis will be barred from arguing that his arrest for being an armed habitual criminal was unlawful, but by the same token he is also entitled to challenge the reasonableness of the force used in effecting that arrest.

5

In response, Officer Wagner's primary support is *Okoro v. Callaghan*, 324 F.3d 488 (7th Cir. 2003). In that case, the plaintiff, Okoro, was arrested in his own home after attempting to sell heroin to police officers. *Id.* at 489. Okoro sought to recover damages for an amount of cash and gems which the officers had allegedly stolen in the course of searching his home. *Id.* Throughout Okoro's civil case he insisted, contrary to his conviction, that he had not been trying to sell heroin at all and that instead the drugs were planted. *Id.* at 490. Rather than selling heroin, Okoro claimed that he was actually attempting to sell the officers the gems, which the officers eventually stole having successfully framed him as a drug dealer. *Id.* at 489. Although it was possible that both his property was stolen and he was actually attempting to sell heroin, the Seventh Circuit held that *Heck* barred his damages claim. *Okoro*, 324 F.3d at 490. The court reasoned that his argument, to which he had "adhered steadfastly" and which was the backbone of his case, was ultimately a collateral attack on his underlying conviction because he insisted that the drugs were planted (yet he had been convicted of the drug charge). *Id.* The court noted that the plaintiff is master of his complaint, and could have brought his case in a manner that did not "cast a cloud over his conviction"; for example, Okoro could have argued that the officers had taken both the drugs and the gems, or Okoro could have simply said nothing about the drugs. *Id.* But he chose to insist that the drugs were planted, and his claim was thus barred by *Heck*. *Okoro*, 324 F.3d at 490.

The present case is unlike *Okoro*. Here, Willis now concedes that the false arrest claim is barred by *Heck*, and success on that claim was the only one that would have

6

*necessarily* undermined his conviction for being an armed habitual criminal. R. 88 (Pl.'s Resp. Br.) at 2 n.1. Although Willis's initial *pro se* filings did include a claim that a gun was planted at the scene of the shooting, R. 11 (Pl.'s Amended Compl.) at 4; R. 23 (Pl.'s More Definite Stmt. Alleg.), ¶ 6, he has since dropped that position in his most recent brief. Pl.'s Resp. Br. at 2 n.1. Because Willis started this suit without a lawyer, it is understandable that Willis would initially teeter over the line of permissible argument. *Evans,* 603 F.3d at 364. As the court in *Evans* admonished, however, such difficulties in complaint drafting should not be confused with a purposeful attack on a conviction. *Id.* As such, the bulk of his excessive force claim survives in a form that steers well clear of *Heck's* bar. *Evans,* 603 F.3d at 364; *see also Elcock v. Whitecotton,* 434 Fed. App'x. 541, 543 (7th Cir. 2011) ("[T]he district court should either disregard portions of the complaint that [are barred by *Heck*], or direct [the plaintiff] to file an amended complaint that omits any impermissible allegations."). Thus, Willis's excessive force claim survives *Heck*, at least to the extent that the claim is *not* premised on the theory that he did not possess a gun.

## IV.

In his response brief to the motion for summary judgment, Willis acknowledges that his false arrest claim (Count 2) "is likely barred by *Heck v. Humphrey*," R. 88 at 2 n.1, and indeed it is. Much like *Okoro*, Willis's claim that a gun was planted at the scene of the shooting directly contradicts his conviction for being an armed habitual criminal. So Willis is barred from bringing this claim or advancing any theory of liability that would undermine this conviction. To the extent that he had intended to

support his excessive force claim by advancing this same line of argument, he shall be likewise barred from doing so.

V.

For the reasons stated above, Wagner's motion for summary judgment [R. 75] is denied as to the excessive force claim in Count 1 and granted as to the false arrest claim in Count 2. In his summary judgment motion, Wagner also had raised qualified immunity and issue preclusion, R. 77 (Def.'s Br.), but the Court directed Willis to respond first to the *Heck* argument, R. 86. In moving the case forward, Wagner's counsel should consider whether Wagner still wishes to advance those arguments, and shall discuss those issues with Plaintiff's counsel on or before October 10, 2012. Perhaps the parties will arrive at some agreement as to those issues. For example, on the issue-preclusion argument, *Heck* already does narrow the excessive-force claim so that Willis cannot challenge the gun possession itself, and the question is whether issue preclusion operates in this case to narrow the claim even more. At the previously-scheduled October 17, 2012 status hearing, the parties will inform the Court as to what remains to be decided. If more briefing is required, then the Court will set a briefing

schedule (probably starting with a response from Willis); if not, then the Court and the parties will discuss how to move the case forward.

ENTERED:

/s/ Edmond E. Chang
_____
Honorable Edmond E. Chang
United States District Judge

DATE: September 29, 2012