IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANTIONE L. WILLIS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08 CV 01964 |
| | ) | |
| v. | ) | Honorable Edmond E. Chang |
| | ) | |
| JOSEPH WAGNER, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**PROPOSED PRETRIAL ORDER**

Plaintiff Antoine L. Willis ("Willis") and Defendant Joseph Wagner ("Wagner"), by and through their attorneys and pursuant to Federal Rule of Civil Procedure Rule 16 and the local rules of the United States District Court for the Eastern Division of Illinois, hereby submit this Proposed Pretrial Order and state as follows:

1. **Jurisdiction.** On May 16, 2008, Willis filed an Amended Complaint against Wagner alleging a civil rights violation under 42 U.S.C. §1983 arising from the gunshot wound injuries Willis sustained on September 22, 2006. The Complaint alleges that Wagner's use of deadly force in effecting Willis' arrest was excessive in violation of Section 1983. Thus, the Court's jurisdiction is invoked under 42 U.S.C. §1983 and 28 U.S.C. §§1332 and 1343, as this matter arises under the laws of the United States.

2. **Trial Attorneys.** The trial attorneys for Willis are:

David M. Allen (#0032239)
Rachel T. Nguyen (#6270349)
E. Jason Burke (#6295997)
FAEGRE BAKER DANIELS LLP
311 South Wacker Drive, Suite 4400
Chicago, Illinois 60606
Telephone: (312) 212-6500
Facsimile: (312) 212-6501

>Email:  david.allen@faegrebd.com
>Email:  rachel.nguyen@faegrebd.com
>Email:  jason.burke@faegrebd.com

The trial attorneys for Wagner are:

>Caroline Fronczak
>Barrett Boudreaux
>Nicholas Siefert
>Assistant Corporation Counsel
>City of Chicago – Law Department
>30 North LaSalle Street
>Chicago, IL 60602
>Telephone:  (312) 744 5126
>Facsimile: (312) 744-6566
>Email:  caroline.fronczak@cityofchicago.org
>Email:  barrett.boudreaux@cityofchicago.org
>Email:  nicholas.siefert@cityofchicago.org

3. **Case Statement.**  The parties request that the following short agreed statement of the case be read to prospective jurors:

>On September 22, 2006 at approximately 11:30 p.m., Defendant Chicago Police Officer James Wagner and his partner responded to a police dispatch call describing a man with a gun at 839 North Keystone Avenue in Chicago, Illinois.  After arriving on the scene, the officers pursued a man later identified to be Plaintiff Antione Willis down the sidewalk on the 800 block of North Keystone Avenue.  Officer Wagner fired one shot at Mr. Willis.  As a result, Mr. Willis received a graze wound to the side of his left hip.
>
>Mr. Willis claims that Officer Wagner's use of deadly force was excessive and in violation Mr. Willis' civil rights.
>
>Officer Wagner claims that his use of deadly force was justified because he feared for his life and the life of his partner.

4. **Trial Length and Number of Jurors.**  The parties estimate that the trial will take five to seven days.  Plaintiff requests that 12 jurors be selected at the commencement of trial.  Defendant Wagner suggests 8 jurors.

2

5.  **Stipulations and Uncontested Facts.**  On June 9 and 10, 2014, the parties exchanged proposed stipulations and uncontested facts.  On June 16, 2014, the parties held a meet and confer conference.  The parties have agreed to the following stipulation:

> The parties stipulate that the evidence listed in the Exhibit Charts for Plaintiff Antione Willis and Defendant Joseph Wagner may be received into evidence without further foundation or identification, but without waiver of any objections thereto based on relevancy, hearsay, etc.

Although the parties were unable to arrive at any other stipulations and uncontested facts at this time, the parties agreed that many of their objections to same will likely be mooted by the Court's rulings on the Motions in Limine listed in Paragraph 9 below.  Accordingly, the parties agreed to hold another meet and confer conference shortly after such rulings from the Court.

6.  **Witness Description List.**  Witness lists for Willis and Wagner, including expert witnesses (divided into: (a) witnesses who will be called; and (b) witnesses who may be called) are attached as Exhibit A and B, respectively.

7.  **Exhibits and Exhibit Charts.**  Exhibit Charts for Willis and Wagner's are attached as Exhibit C and D, respectively.

8.  **Damages Itemization.**  If Willis prevails on claim, Wagner would have liability for violation of Section 1983 and be subject to an award of compensatory damages, punitive damages and Willis' reasonable attorneys' fees and expenses in prosecuting this action. See 42 U.S.C.A. § 1988 ("In any action or proceeding to enforce a provision of [Section 1983], the court in its discretion may allow the prevailing party … a reasonable attorney's fee as part of the costs …"); Memphis Community School Dist. v. Stachura, 477 U.S. 299, 306-307 (1986) (holding that Section 1983 supports recovery for compensatory damages, including all out-of-pocket pecuniary loss and physical and mental pain and suffering); Smith v. Wade, 461 U.S. 30 (1983)

(holding that punitive damages are available in a Section 1983 action). Accordingly, the following is an itemization of Willis' damages to be proven at trial:

    a.    <u>Compensatory Damages</u>: Willis believes the proof will show a basis for an award of compensatory damages in an amount to be proven at trial for the pain and suffering he has endured as a result of the gunshot wound he received from Wagner;

    b.    <u>Punitive Damages</u>: Willis believes it is very likely the jury would conclude that Wagner should be assessed punitive damages in an amount to be proven at trial for his excessive force and his false testimony regarding his conduct on September 22, 2006; and

    c.    <u>Attorneys' Fees and Expenses</u>: In connection with fact discovery and investigation, Willis' counsel has provided legal services and incurred expenses on behalf of Willis reasonably valued in an amount to be proven at trial and Willis should be awarded at least such attorneys' fees and expenses.

9. **<u>Motions in Limine</u>.** The parties have agreed to meet and confer after the Motions in Limine listed below are filed. Further, on or before July 28, 2014, the parties will advise the Court whether they have reached any agreement on same.

    a.    **<u>Willis' Motions in Limine</u>.** Concurrent with this Proposed Pretrial Order, Willis has filed the following Motions in Limine:

    (1)    Plaintiff's Motion In Limine No. 1 To Bar Improper Use Of Background Checks On Jurors;

    (2)    Plaintiff's Motion In Limine No. 2 To Bar Improper "Guilt By Association" Argument;

    (3)    Plaintiff's Motion In Limine No. 3 To Bar References To Street Gangs Or "Gang Activity";

    (4)    Plaintiff's Motion In Limine No. 4 To Bar All References To Or Arguments Based On Improper Financial Considerations;

    (5)    Plaintiff's Motion In Limine No. 5 To Bar Evidence Of Defendant Joseph Wagner's Financial Hardship;

 (6) Plaintiff's Motion In Limine No. 6 To Bar Argument That A Finding Of Liability Will Mar Defendant Joseph Wagner's Exemplary Or Distinguished Record;

 (7) Plaintiff's Motion In Limine No. 7 To Bar Improper Bolstering Of Character Or Credibility Through Awards;

 (8) Plaintiff's Motion In Limine No. 8 To Bar References To Witness Military Service;

 (9) Plaintiff's Motion In Limine No. 9 To Bar References To Facts Not Known To Defendant At The Time Of The Shooting;

 (10) Plaintiff's Motion In Limine No. 10 To Bar Reference To Or Evidence Of Plaintiff's Criminal Record; and

 (11) Plaintiff's Motion In Limine No. 11 to Bar Testimony And References To Findings Of Guilty On The Underlying Counts Merged Into Willis' Conviction As An Armed Habitual Criminal.

 b. **Wagner's Motions in Limine.** Concurrent with this Proposed Pretrial Order, Wagner has filed the following Motions in Limine:

 (1) Defendant's Motion In Limine No. 1 To Bar Plaintiff From Arguing That Wagner Should Have Used Less Forceful Means Than Deadly Force;

 (2) Defendant's Motion In Limine No. 2 To Bar Testimony Regarding Internal Department Directives Including The Use Of Force Model Or The General Order On Use Of Force Or Violations Of Directives Regarding The Preservation Of Crime Scenes;

 (3) Defendant's Motion In Limine No. 3 To Bar Testimony, Evidence, Or Argument Regarding A "Code Of Silence" Or "Blue Wall";

 (4) Defendant's Motion In Limine No. 4 To Bar Any Testimony, Argument, Or Inference Regarding Unrelated Allegations Of Police Misconduct In The Media;

 (5) Defendant's Motion In Limine No. 5 To Bar Any Argument That The Jury Should Send The City A Message With Its Verdict, Or That The Jury Should Punish The City With Its Verdict;

5

(6) Defendant's Motion In Limine No. 6 To Bar Any Testimony, Evidence, Argument, Or Innuendo That Any Non-Defendant Police Officers Engaged In Misconduct;

(7) Defendant's Motion In Limine No. 7 To Bar Any Evidence Or Suggestion That The City Improperly Disciplines Or Investigates Misconduct Or Officers Or Has Improper Policies And Procedures;

(8) Defendant's Motion In Limine No. 8 To Bar Evidence Of The Nature And Quality Of The Post-Shooting Investigation, The OPS Investigation, And The Nature And Quality Of The OPS Investigation;

(9) Defendant's Motion In Limine No. 9 To Bar Testimony, Evidence, And Argument Regarding Other Civil Lawsuits, Citizen Complaints And/Or The Disciplinary Histories Of Any Police Personnel Who May Testify;

(10) Defendant's Motion In Limine No. 10 To Bar Any Testimony, Evidence, Or Argument Suggesting That Wagner May Be Indemnified By The City Of Chicago For Any Compensatory Damages Returned Against Him And To Bar Any Implication Or Testimony That CPD Personnel Are Being Paid By The City Of Chicago To Appear In Court And Testify;

(11) Defendant's Motion In Limine No. 11 To Bar Testimony, Evidence, Or Argument That Wagner Was Involved In A Conspiracy Or That He Conspired To Violate Willis' Civil Rights;

(12) Defendant's Motion In Limine No. 12 To Bar Testimony Or Argument Regarding Failure To Provide First Aid;

(13) Defendant's Motion In Limine No. 13 To Bar Any Reference To Fraternal Order Of Police Disclaimer Given In Response To The Complaint Register Investigation;

(14) Defendant's Motion In Limine No. 14 To Bar Any Argument Or Inference That Defendants Allegedly Failed To Call Any Witnesses;

(15) Defendant's Motion In Limine No. 15 To Bar Argument That Defendants Have Delayed The Trial Or That The Plaintiff Has Waited A Long Time For Trial;

(16) Defendant's Motion In Limine No. 16 To Bar Plaintiff From Arguing That There Are No Latent Prints On The Recovered Gun;

(17) Defendant's Motion In Limine No. 17 To Bar Any Undisclosed Witnesses;

(18) Defendant's Motion In Limine No. 18 To Bar Mention Or Reference To Any Requirement That Verbal Commands Be Given Before The Use Of Deadly Force;

(19) Defendant's Motion In Limine No. 19 To Bar Plaintiff's Counsel From Requesting Defendants Or Their Attorneys To Produce Any Information Or Documents In Their Presence And Hearing Of The Jury And From Implying That Defendants Have Not Complied With Any Discovery Request;

(20) Defendant's Motion In Limine No. 20 To Bar Plaintiff From Arguing That He Was Not In Possession Of The Gun Or That The Gun Was Planted;

(21) Defendant's Motion In Limine No. 21 To Bar Any Evidence, Argument, Or Suggestion That Traintafillo's Retrieval Of The Gun Was Improper, Or That Any Other Chicago Police Officer Engaged In Misconduct;

(22) Defendant's Motion In Limine No. 22 To Bar Plaintiff From Argument, Questioning Or Inference Regarding The Lack of Testing of DNA Swabs From Plaintiff's Gun By The Illinois State Police Forensic Services Laboratory;

(23) Defendant's Motion In Limine No. 23 To Bar Plaintiff From Argument, Questioning Or Inference Regarding The Pre-Shooting Actions Of Officers Preceding The Shooting Were The Cause Of The Shooting Or Were Otherwise Improper;

(24) Defendant's Motion In Limine No. 24 To Bar Plaintiff From Argument, Questioning or Inference Regarding The Additional Shell Casings Recovered From the 800 Block Of North Keystone;

(25) Defendant's Motion In Limine No. 25 To Bar Plaintiff From Argument, Questioning Or Inference Regarding The Fact That Willis' Gun Was Inoperable And Therefore Use Of Force Was Unreasonable;

(26) Defendant's Motion In Limine No. 26 To Exclude Non-Party Witnesses From The Courtroom.

10. **Voir Dire Questions.** In addition to the Court's standard background questions (attached as Exhibit E), the parties request that the voir dire questions attached as Exhibit F and G be asked to potential jurors.

11. **Jury Instructions and Verdict Forms.** Willis' proposed jury instructions and

verdict forms are attached at <u>Exhibits H</u> and <u>I</u>, respectively. Wagner's proposed jury instructions and verdict forms are attached at <u>Exhibits J</u> and <u>K</u>, respectively.

Date: June 23, 2014                                    Respectfully submitted,

ANTIONE L. WILLIS, Plaintiff                           JOSEPH WAGNER, Defendant

By: /s/ David M. Allen                                 By: /s/ Caroline Fronczak
    David M. Allen (#0032239)                         Caroline Fronczak
    Rachel T. Nguyen (#6270349)                        Barrett Boudreaux
    E. Jason Burke (#6295997)                          Nicholas Siefert
    FAEGRE BAKER DANIELS LLP                           Assistant Corporation Counsel
    311 South Wacker Drive, Suite 4400                 City of Chicago
    Chicago, Illinois 60606                            30 North LaSalle Street
    Telephone: (312) 212-6500                          Chicago, IL 60602
    Facsimile: (312) 212-6501                          Telephone: (312) 744 5126
    Email: david.allen@faegrebd.com                    Facsimile: (312) 744-6566
    Email: rachel.nguyen@faegrebd.com                  Email: caroline.fronczak@cityofchicago.org
    Email: jason.burke@faegrebd.com                    Email: barrett.boudreaux@cityofchicago.org
                                                       Email: nicholas.siefert@cityofchicago.org

US.54402494.01