## PLAINTIFF ANTIONE L. WILLIS' WITNESS LIST

A.  Witnesses Who Will Be Called By Plaintiff Antione L. Willis.

| Name of Witness | Description of Witness | Objection |
|---|---|---|
| 1. Roger A. Clark | Clark is a former police officer and is self-employed with Police Procedures Consultant, Inc. Clark has been identified as an expert witness for Plaintiff on proper police procedure and law enforcement relating to the use of deadly force and has issued two expert reports. | See Defendant's Motion to Bar the Expert Opinions of Roger A. Clark and Reply, Docket Entries 121 and 126. |
| 2. Stephen Coleman | Coleman is an Officer with the Chicago Police Department. Coleman and his partner, David Granado, responded to the police dispatch call that led to the shooting incident involving the Plaintiff and Defendant. | No Objection |
| 3. Ellen Connolly | Connolly is a forensic scientist with the Illinois State Police – Division of Forensic Services. Connolly specializes in fiber analysis. Connolly examined physical evidence (including Plaintiff's clothing) relating to the shooting incident involving the Plaintiff and Defendant. | R. 401, R. 403. Not disclosed pursuant to Rule 26(a)(1) or 26(a)(2). See Degendant's MIL # 17. |
| 4. David Granado | Granado is an Officer with the Chicago Police Department. Granado and his partner, Stephen Coleman, responded to the police dispatch call that led to the shooting incident involving the Plaintiff and Defendant. | No objection |
| 5. David March | March is a Detective with the Chicago Police Department. March was the lead investigator of the events relating to the shooting where the Defendant allegedly used excessive force. | R. 401, R. 403. See Defendant's MIL # 8, #21, #22, #24, #25 |

| Name of Witness | Description of Witness | Objection |
|---|---|---|
| 6. Chris Matias | Matias is a Detective with the Chicago Police Department. Matias inventoried the Plaintiff's clothing and possessions relating to the shooting incident involving the Plaintiff and Defendant. | R. 401, R. 403. See Defendant's MIL # 8, #21, #22, #24, #25 |
| 7. Kimberly Hood Ryan | Ryan is a forensic scientist with the Illinois State Police – Division of Forensic Services. Ryan specializes the enhancement and identification of latent impressions. Ryan examined physical evidence (including a firearm and cartridge cases) relating to the shooting incident involving the Plaintiff and Defendant. Ryan has been identified as an expert witness for the Defendant. | R. 401, R. 403. See Defendant's MIL # 8, #21, #22, #24, #25 |
| 8. Fred Tomasek | Tomasek is a forensic scientist with the Illinois State Police – Division of Forensic Services. Tomasek specializes in firearms and toolmark examinations. Tomasek examined physical evidence (including two firearms and several cartridge cases) relating to the shooting incident involving the Plaintiff and Defendant. Tomasek has been identified as an expert witness for the Defendant. | R. 401, R. 403. See Defendant's MIL # 8, #21, #22, #24, #25 |
| 9. James Triantafillo | Triantafillo is an Officer with the Chicago Police Department and the Defendant's partner. Triantafillo witnessed the shooting incident involving the Plaintiff and Defendant. | No objection |
| 10. Joseph Wagner | Wagner is an Officer with Chicago Police Department and the Defendant in this case. Wagner allegedly used excessive force when he fired one shot from his gun at Plaintiff, causing Plaintiff to receive a graze wound to the side of his left hip. | No objection |

US.54399250.01

| Name of Witness | Description of Witness | Objection |
|---|---|---|
| 11. Antione L. Willis | Willis is the Plaintiff in this case. Willis received a graze wound to the side of his left hip when the Defendant allegedly used excessive force and fired one shot from his gun at Willis. | No objection |

**B.    Witnesses Who May Be Called By Plaintiff Antione L. Willis.**

| Name of Witness | Description of Witness | Objection |
|---|---|---|
| 1. Brendan Dominick | Dominick is a paramedic with the City of Chicago. Dominick transported the Plaintiff to Mount Sinai Hospital Medical Center in Chicago, Illinois following the shooting incident involving the Plaintiff and Defendant. | R. 403. Defendant does not dispute that Plaintiff was shot and that he received a graze wound. |
| 2. Dr. Michele Holevar | Holevar is a physician at Mount Sinai Hospital Medical Center in Chicago, Illinois. Holevar supervised the medical treatment of the Plaintiff following the shooting incident involving the Plaintiff and Defendant. | R. 403. Defendant does not dispute that Plaintiff was shot and that he received a graze wound. |
| 3. Dr. Fernando Orellana | Orellana is an Emergency Room physician at Mount Sinai Hospital Medical Center in Chicago, Illinois. Orellana treated the Plaintiff following the shooting incident involving the Plaintiff and Defendant. | R. 403. Defendant does not dispute that Plaintiff was shot and that he received a graze wound. |
| 4. Arthur Oswald | Oswald is a Forensic Investigator with the Chicago Police Department. Oswald was assigned to investigate the shooting incident involving the Plaintiff and Defendant. Oswald assisted in inventorying and packaging physical evidence collected from the scene. | R. 401, R. 403. See Defendant's MIL # 2, #8, #24, #21, #22. |

3

| Name of Witness | Description of Witness | Objection |
|---|---|---|
| 5. Kymberly Reynolds | Reynolds is an Investigator with the Chicago Police Department's Office of Professional Standards. Reynolds was assigned to investigate the shooting incident involving the Plaintiff and Defendant and determined that the Defendant's use of deadly force was justified and in compliance with Department policy and Illinois State statutes. | |
| 6. James Shadur | Shadur is a former Officer with the Chicago Police Department. Shadur was assigned to investigate the shooting incident involving the Plaintiff and Defendant. | R. 401, R. 403. See Defendant's MIL # 2, #8, #24, #21, #22. |
| 7. Richard Wood | Wood is a former paramedic with the City of Chicago. Wood transported the Plaintiff to Mount Sinai Hospital Medical Center in Chicago, Illinois following the shooting incident involving the Plaintiff and Defendant. | R. 403. Defendant does not dispute that Plaintiff was shot and that he received a graze wound. |
| 8. The custodian of records for the Chicago Police Department | The Chicago Police Department produced numerous documents in this case. The testimony of the custodian of records may be needed to lay the foundation for introduction of those records kept in the regular course of business, in the event the parties do not reach stipulations as to the admissibility of those records. | |
| 9. The custodian of records for the Illinois State Police | The Illinois State Police produced numerous documents in this case. The testimony of the custodian of records may be needed to lay the foundation for introduction of those records kept in the regular course of business, in the event the parties do not reach stipulations as to the admissibility of those records. | |

| Name of Witness | Description of Witness | Objection |
|---|---|---|
| 10. The custodian of records for the Chicago Fire Department | The Chicago Fire Department produced numerous documents in this case. The testimony of the custodian of records may be needed to lay the foundation for introduction of those records kept in the regular course of business, in the event the parties do not reach stipulations as to the admissibility of those records. | |
| 11. The custodian of records for Mount Sinai Hospital Medical Center | Mount Sinai Hospital Medical Center produced numerous documents in this case. The testimony of the custodian of records may be needed to lay the foundation for introduction of those records kept in the regular course of business, in the event the parties do not reach stipulations as to the admissibility of those records. | |
| 12. The custodian of records for the Cook County Jail | The Cook County Jail produced numerous documents in this case. The testimony of the custodian of records may be needed to lay the foundation for introduction of those records kept in the regular course of business, in the event the parties do not reach stipulations as to the admissibility of those records. | |
| 13. The custodian of records for the Office of Emergency Management and Communication | The Office of Emergency Management and Communications produced numerous documents in this case. The testimony of the custodian of records may be needed to lay the foundation for introduction of those records kept in the regular course of business, in the event the parties do not reach stipulations as to the admissibility of those records. | |

US.54399250.01