<u>**PLAINTIFF ANTIONE L. WILLIS'**</u>
<u>**PROPOSED JURY INSTRUCTION**</u>

<u>**1.01  FUNCTIONS OF THE COURT AND THE JURY**</u>

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys.  Now I will instruct you on the law.

You have two duties as a jury.  Your first duty is to decide the facts from the evidence in the case.  This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts.  You must follow these instructions, even if you disagree with them.  Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially.  Do not allow sympathy/prejudice/fear/public opinion to influence you.  You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 1**            **No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.01

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398721.01

### PLAINTIFF ANTIONE L. WILLIS' PROPOSED JURY INSTRUCTION

#### 1.04  EVIDENCE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

I have taken judicial notice of certain facts. You must accept those facts as proved.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 2**

Seventh Circuit Pattern Jury Instruction (civil) 1.04 (as modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: <u>XXX</u>  Defendant objects and proposes Defendant's proposed instruction No. as it more accurately reflects the purpose of any proposed stipulations.

## PLAINTIFF ANTIONE L. WILLIS' PROPOSED JURY INSTRUCTION

**1.05 DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the reading of a deposition/depositions and/or and video. You should give this testimony the same consideration you would give it had the witness(es) appeared and testified here in court.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 3**

Seventh Circuit Pattern Jury Instruction (civil) 1.05

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: XXX_____ Defendants object to this instruction unless the witness is unavailable for trial and the deposition must be read.

3

<u>**PLAINTIFF ANTIONE L. WILLIS'**</u>
<u>**PROPOSED JURY INSTRUCTION**</u>

<u>**1.06  WHAT IS NOT EVIDENCE**</u>

Certain things are not to be considered as evidence.  I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence.  Lawyers have a duty to object when they believe a question is improper.  You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence.  If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 4**          **No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.06

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398721.01

## PLAINTIFF ANTIONE L. WILLIS' PROPOSED JURY INSTRUCTION

### 1.07  NOTE-TAKING

Any notes you have taken during this trial are only aids to your memory.  The notes are not evidence.  If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 5**                    **No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.07

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

5

**PLAINTIFF ANTIONE L. WILLIS'**
**PROPOSED JURY INSTRUCTION**

**1.08  CONSIDERATION OF ALL EVIDENCE REGARDLESS OF WHO PRODUCED**

      In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 6**         **No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.08

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

6

US.54398721.01

**PLAINTIFF ANTIONE L. WILLIS'**
**PROPOSED JURY INSTRUCTION**

**1.09 LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 7**

Seventh Circuit Pattern Jury Instruction (civil) 1.09

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: <u>XXXX</u>  Defendant objects and proposes Defendant's proposed instruction No. 4.

7

US.54398721.01

## PLAINTIFF ANTIONE L. WILLIS' PROPOSED JURY INSTRUCTION

### 1.11 WEIGHING THE EVIDENCE

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 8**                    **No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.11

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398721.01

**PLAINTIFF ANTIONE L. WILLIS'**
**PROPOSED JURY INSTRUCTION**

## 1.12  DEFINITION OF "DIRECT" AND "CIRCUMSTANTIAL" EVIDENCE

You may have heard the phrases "direct evidence" and "circumstantial evidence."  Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact.  Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining."  Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  You should decide how much weight to give to any evidence.  In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 9**          **No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.12

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

9

US.54398721.01

**PLAINTIFF ANTIONE L. WILLIS'**
**PROPOSED JURY INSTRUCTION**

**1.13 TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all.  You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

– the ability and opportunity the witness had to see, hear, or know the things that

– the witness testified about;

– the witness's memory;

– any interest, bias, or prejudice the witness may have;

– the witness's intelligence;

– the manner of the witness while testifying;

– the witness's age;

– and the reasonableness of the witness's testimony in light of all the evidence in the case.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 10**

Seventh Circuit Pattern Jury Instruction (civil) 1.13

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: <u>XXX</u>  Defendants object to the addition of "witness's age."  The committee comments suggest this instruction should only be given if a person very old or very young may

10

testify.  Defendant does not believe this will be applicable to any witness in this case.  Defendant proposes Defendant's proposed instruction No. 3.

US.54398721.01

## PLAINTIFF ANTIONE L. WILLIS' PROPOSED JURY INSTRUCTION

### 1.14  PRIOR INCONSISTENT STATEMENTS [OR ACTS]

You may consider statements given by any party or witness under oath before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different.  If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his testimony here in court, you may consider the earlier statement or conduct only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement[s] or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 11**          **No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.14

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398721.01

<u>**PLAINTIFF ANTIONE L. WILLIS'**</u>
<u>**PROPOSED JURY INSTRUCTION**</u>

<u>**1.16 LAWYER INTERVIEWING WITNESS**</u>

     It is proper for a lawyer to meet with any witness in preparation for trial.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 12**     **No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.16

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

13

US.54398721.01

## PLAINTIFF ANTIONE L. WILLIS'
## PROPOSED JURY INSTRUCTION

**1.18 ABSENCE OF EVIDENCE**

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 13**          **No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.18

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398721.01

## PLAINTIFF ANTIONE L. WILLIS' PROPOSED JURY INSTRUCTION

### 1.27 BURDEN OF PROOF

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 14**          **No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.27

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398721.01

## PLAINTIFF ANTIONE L. WILLIS'
## PROPOSED JURY INSTRUCTION

### CLAIMS

Plaintiff Antione Willis brings the following claim in this case:

Plaintiff claims that Defendant police officer Joseph Wagner violated Antione Willis' rights under federal law by using excessive force against him in that Officer Wagner shot him without lawful justification.

Defendant denies this claim. I will now discuss this claim.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 15**          **No Objection**

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398721.01

<u>PLAINTIFF ANTIONE L. WILLIS'</u>
<u>PROPOSED JURY INSTRUCTION</u>

**7.08  FOURTH AMENDMENT/EXCESSIVE FORCE – ELEMENTS**

In this case, Plaintiff Antione Willis claims that Defendant Officer Joseph Wagner used excessive force against him. To succeed on this claim, Plaintiff must prove the following thing by a preponderance of the evidence:

1.      Defendant Officer Joseph Wagner used unreasonable force against Plaintiff Antione Willis.

If you find that Plaintiff has proved this thing by a preponderance of the evidence, then you should find for Plaintiff and against Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove this thing by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 16**

Seventh Circuit Pattern Jury Instruction (civil) 7.08 (modified to include party names)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION:<u>XXX</u>  Defendant objects and proposes Defendant's proposed instruction No. 8 as it tracks the language of the Seventh Circuit pattern instruction suggested in the committee comments.

US.54398721.01

**PLAINTIFF ANTIONE L. WILLIS'**
**PROPOSED JURY INSTRUCTION**

### 7.09 FOURTH AMENDMENT/FOURTEENTH AMENDMENT: DEFINITION OF "UNREASONABLE"

You must decide whether Defendant Joseph Wagner's use of force was unreasonable from the perspective of a reasonable officer facing the same circumstances that Defendant Joseph Wagner faced. You must make this decision based on what the officer knew at the time of the shooting, not based on what you know now. In deciding whether Defendant Joseph Wagner's use of force was unreasonable, you must not consider whether Defendant Joseph Wagner's intentions were good or bad.

In performing his job, an officer can use force that is reasonably necessary under the circumstances.

An officer may use deadly force when a reasonable officer, under the same circumstances, would believe that the suspect's actions placed him or others in the immediate vicinity in imminent danger of death or serious bodily harm. It is not necessary that this danger actually existed. An officer is not required to use all practical alternatives to avoid a situation where deadly force is justified.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 17          No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 7.09 (modified by adding party name and replacing the word "arrest" to "shooting" in first paragraph).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398721.01

**PLAINTIFF ANTIONE L. WILLIS'**
**PROPOSED JURY INSTRUCTION**

**7.22 DAMAGES:  PREFATORY INSTRUCTION**

If you find that Plaintiff has proved his claim against Defendant, then you must determine what amount of damages, if any, Plaintiff is entitled to recover.

If you find that Plaintiff has failed to prove his claim, then you will not consider the question of damages.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 18**          **No Objection**

Seventh Circuit Pattern Jury Instruction (civil) 7.22

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398721.01

<u>PLAINTIFF ANTIONE L. WILLIS'</u>
<u>PROPOSED JURY INSTRUCTION</u>

## 7.23  DAMAGES: COMPENSATORY

If you find in favor of Plaintiff on any of his claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the Constitutional and Illinois state law violations against Plaintiff. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and emotional pain and suffering and loss of a normal life that Plaintiff has experienced and is reasonably certain to experience in the future.

2. The reasonable expense of necessary medical care, treatment, and services received and the present cash value of the reasonable expenses of medical care, treatment and services reasonably certain to be received in the future.

No evidence of the dollar value of physical and emotional pain and suffering and loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injuries he has sustained.

20

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 19**

Seventh Circuit Pattern Jury Instructions (civil) 7.23 (as modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: <u>XXX</u>  Defendant objects and proposes Defendant proposed instruction No. 9. Plaintiff has not put forth any evidence that he has experience a "loss of normal life" or that he will have emotion pain and suffering into the future, nor has he hired an expert that will opine on such issues.  Further, Defendant has added a nominal damages instruction due to the superficial graze wound that Plaintiff received as a result of the shooting.

US.54398721.01

<u>PLAINTIFF ANTIONE L. WILLIS'</u>
<u>PROPOSED JURY INSTRUCTION</u>

**7.24  DAMAGES: PUNITIVE**

If you find for Plaintiff on any of his claims, you may, but are not required to, assess punitive damages against Defendant. The purposes of punitive damages are to punish him for his conduct and to serve as an example or warning to Defendant and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Defendant. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiffs rights if, under the circumstances, it reflects complete indifference to Plaintiffs safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

–       the reprehensibility of Defendant's conduct;

–       the impact of Defendant's conduct on Plaintiff;

–       the relationship between Plaintiff and Defendant;

–       the likelihood that Defendant would repeat the conduct if an award of

–       punitive damages is not made;

22

&ndash; the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 20**

Seventh Circuit Pattern Jury Instructions (civil) 7.25 (as modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: <u>XXX</u>  Defendant objects and proposes Defendant's proposed instruction No. 10 which includes the element of Defendant Wagner's financial condition.

## PLAINTIFF ANTIONE L. WILLIS'
## PROPOSED JURY INSTRUCTION

### 1.32 SELECTION OF PRESIDING JUROR; GENERAL VERDICT

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 21**          **No Objection**

Seventh Circuit Pattern Jury Instructions (civil) 1.32

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398721.01

## PLAINTIFF ANTIONE L. WILLIS' PROPOSED JURY INSTRUCTION

### 1.33 COMMUNICATION WITH COURT

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the presiding juror, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally.

If you do communicate with me, you should not indicate in your note what your numerical division is, if any.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 22**　　　　　**No Objection**

Seventh Circuit Pattern Jury Instructions (civil) 1.33

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398721.01

**PLAINTIFF ANTIONE L. WILLIS'**
**PROPOSED JURY INSTRUCTION**

**1.34 DISAGREEMENT AMONG JURORS**

The verdict must represent the considered judgment of each juror. Your verdict, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

**PLAINTIFF'S PROPOSED INSTRUCTION NO. 23**          **No Objection**

Seventh Circuit Pattern Jury Instructions (civil) 1.34

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____