**DEFENDANT JOSEPH WAGNER'S
PROPOSED JURY INSTRUCTION**

**1.02 NO INFERENCE FROM JUDGE'S QUESTIONS**

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 1**          **No objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.02

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**DEFENDANT JOSEPH WAGNER'S
PROPOSED JURY INSTRUCTION**

**1.04 EVIDENCE**

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that a person would give certain testimony.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 2**

Seventh Circuit Pattern Jury Instruction (civil) 1.04 (as modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: XXX_____    Plaintiff objects to this proposed instruction because it is too limiting.  The evidence may include prior deposition testimony (Rule 801) and stipulations may include an agreement that certain facts are true.  Evidence also includes facts which the Court takes judicial notice.

2

US.54398776.01

**DEFENDANT JOSEPH WAGNER'S
PROPOSED JURY INSTRUCTION**

**1.13 TESTIMONY OF WITNESSES (DECIDING WHAT TO BELIEVE)**

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

− the ability and opportunity the witness had to see, hear, or know the things that

− the witness testified about;

− the witness's memory;

− any interest, bias, or prejudice the witness may have;

− the witness's intelligence;

− the manner of the witness while testifying;

− and the reasonableness of the witness's testimony in light of all the evidence in the case.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 3**          **No objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.13 (as modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

3

**DEFENDANT JOSEPH WAGNER'S
PROPOSED JURY INSTRUCTION**

**1.09 LIMITED PURPOSE OF EVIDENCE**

You will recall that during the course of this trial I instructed you that I admitted certain evidence for a limited purpose. You must consider this evidence only for the limited purpose for which it was admitted.

Specifically, you heard evidence that Mr. Willis has previously been convicted. The convictions are relevant for only two purposes: first, you may consider the convictions on the issue of Mr. Willis' credibility. Second, you may consider the 2002 and 1998 convictions on the issue of whether Mr. Thomas had a reason to avoid being arrested with a firearm on September 22, 2006. You must not consider the convictions for any other purpose than those two purposes, and remember you must consider all the evidence in the case in deciding what the facts are.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 4**

Seventh Circuit Pattern Jury Instruction (civil) 1.09 (modified pursuant to given instruction in *Thomas v. Landrum,* 11-cv-9275, Judge Edmund Chang, presiding)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: XXX_____ Plaintiff objects to this proposed instruction based on the grounds set forth in his Motion in Limine No. 10 to Bar Reference to or Evidence of Plaintiff's Criminal Record.

US.54398776.01

**DEFENDANT JOSEPH WAGNER'S
PROPOSED JURY INSTRUCTION**

**1.21 EXPERT WITNESSES**

You have heard Roger A. Clark give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 5**

Seventh Circuit Pattern Jury Instruction (civil) 1.21 (modified) to be given only if Roger Clark is allowed to testify over Defendant's objection as outlined in Defendant's Motion to Bar Roger A. Clark and subsequent reply (*See* Docket Entries, No. 121 and 126.)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: XXX_____ Plaintiff objects to this proposed instruction on the grounds that it unfairly prejudices the jury against an expert who should be allowed to give opinions about matters requiring special knowledge or skill.

**DEFENDANT JOSEPH WAGNER'S
PROPOSED JURY INSTRUCTION**

**1.24 DEMONSTRATIVE EXHIBITS**

Certain diagrams and/or maps have been shown to you. Those diagrams or maps are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 6**

Seventh Circuit Pattern Jury Instruction (civil) 1.24 (as modified).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: <u>XXX</u>_____   Plaintiff objects to this proposed instruction because it improperly limits the type of demonstrative exhibits that will be presented at trial.

6

**DEFENDANT JOSEPH WAGNER'S
PROPOSED JURY INSTRUCTION**

**1.31 NO NEED TO CONSIDER DAMAGES INSTRUCTION**

If you decide for Defendant Joseph Wagner on the question of liability, then you should not consider the question of damages.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 7**      **No objection**

Seventh Circuit Pattern Jury Instruction (civil) 1.31 (as modified to include Defendant's name).

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

**DEFENDANT JOSEPH WAGNER'S
PROPOSED JURY INSTRUCTION**

**7.08  FOURTH AMENDMENT/EXCESSIVE FORCE – ELEMENTS**

In this case, Plaintiff Antione Willis claims that Defendant Officer Joseph Wagner used excessive force against him. To succeed on this claim, Plaintiff must prove by a preponderance of the evidence that Defendant Joseph Wagner used unreasonable force against him.

If you find that Plaintiff has proved this thing by a preponderance of the evidence, then you should find for Plaintiff and against Defendant, and go on to consider the question of damages.

If, on the other hand, you find that Plaintiff did not prove this thing by a preponderance of the evidence, then you should find for Defendant, and you will not consider the question of damages.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 8**          No objection

Seventh Circuit Pattern Jury Instruction (civil) 7.08 (modified to include party names and per committee comments)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: _____

US.54398776.01

**DEFENDANT JOSEPH WAGNER'S
PROPOSED JURY INSTRUCTION**

**7.23 DAMAGES: COMPENSATORY**

If you find in favor of Plaintiff on any of his claims, then you must determine the amount of money that will fairly compensate Plaintiff for any injury that you find he sustained and is reasonably certain to sustain in the future as a direct result of the Constitutional and Illinois state law violations against Plaintiff. These are called "compensatory damages".

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not speculation or guesswork. This does not mean, however, that compensatory damages are restricted to the actual loss of money; they include both the physical and mental aspects of injury, even if they are not easy to measure.

You should consider the following types of compensatory damages, and no others:

1. The physical and emotional pain and suffering that Plaintiff experienced.

2. The reasonable expense of necessary medical care, treatment, and services received.

No evidence of the dollar value of physical and emotional pain and suffering and loss of a normal life has been or needs to be introduced. There is no exact standard for setting the damages to be awarded on account of pain and suffering. You are to determine an amount that will fairly compensate the Plaintiff for the injuries he has sustained.

If you find in favor of Plaintiff but find that he has failed to prove compensatory damages, you must return a verdict for Plaintiff in the amount of $1.00.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 9**

Seventh Circuit Pattern Jury Instructions (civil) 7.23 (as modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: <u>XXX</u>_____ Plaintiff objects to this proposed instruction on the grounds that it does not take into account the evidence that will be presented at trial.

**DEFENDANT JOSEPH WAGNER'S
PROPOSED JURY INSTRUCTION**

**7.24  DAMAGES: PUNITIVE**

If you find for Plaintiff on any of his claims, you may, but are not required to, assess punitive damages against Joseph Wagner. The purposes of punitive damages are to punish him for his conduct and to serve as an example or warning to Joseph Wagner and others not to engage in similar conduct in the future.

Plaintiff must prove by a preponderance of the evidence that punitive damages should be assessed against Joseph Wagner. You may assess punitive damages only if you find that his conduct was malicious or in reckless disregard of Plaintiff's rights. Conduct is malicious if it is accompanied by ill will or spite, or is done for the purpose of injuring Plaintiff. Conduct is in reckless disregard of Plaintiffs rights if, under the circumstances, it reflects complete indifference to Plaintiffs safety or rights.

If you find that punitive damages are appropriate, then you must use sound reason in setting the amount of those damages. Punitive damages, if any, should be in an amount sufficient to fulfill the purposes that I have described to you, but should not reflect bias, prejudice, or sympathy toward either/any party. In determining the amount of any punitive damages, you should consider the following factors:

− the reprehensibility of Joseph Wagner's conduct;

− the impact of Joseph Wagner's conduct on Plaintiff;

− the relationship between Plaintiff and Joseph Wagner;

− the likelihood that Joseph Wagner would repeat the conduct if an award of

− punitive damages is not made;

- Joseph Wagner's financial condition;

- the relationship of any award of punitive damages to the amount of actual harm the Plaintiff suffered.

**DEFENDANT'S PROPOSED INSTRUCTION NO. 10**

Seventh Circuit Pattern Jury Instructions (civil) 7.25 (as modified)

GIVEN: _____

REFUSED: _____

WITHDRAWN: _____

OBJECTION: XXX_____ Plaintiff objects to this proposed instruction on the grounds that Defendant Joseph Wagner has neither disclosed nor provided any information regarding his financial condition during discovery and, therefore, should be barred from submitting evidence regarding same at trial. See also Plaintiff's Motion in Limine No. 5 to Bar Reference to Defendant Joseph Wagner's Financial Hardship.