IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| Antoine L. Willis | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO.   08 CV 01964 |
| | ) | |
| State of Illinois, et. al. | ) | Judge Chang |
| | ) | |
| | ) | Magistrate Denlow |
| Defendants. | ) | |

### **DEFENDANT WAGNER'S MOTION *IN LIMINE* # 27**

Defendant, Joseph Wagner, by and through his attorneys, Caroline Fronczak and Nicholas Siefert, respectfully move that this Court enter an order giving preclusive effect to the guilty finding against Plaintiff for aggravated assault against Joseph Wagner:

### **SUMMARY OF RELEVANT FACTS**

On September 22, 2006, Plaintiff was shot by Defendant Joseph Wagner, a Chicago Police Officer.   As a result of his own actions, Plaintiff was indicted on a number of criminal charges. Following a bench trial in the Circuit Court of Cook County, Plaintiff was found guilty on nine counts: one count of armed habitual criminal (720 ILCS 5/24-1.7(a); three counts of aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(2)(3)(A); four counts of unlawful use of a weapon by a felon (720 ILCS 5/24-1.1(a)); and one count of aggravated assault (720 ILCS 5/12-2(A)(6)).   *See* Certified Statement of Conviction, pp 006 and Indictments Counts 1, 2, 3, 4, 22, 23, 24, 25, and 27 attached hereto as Exhibits A and B.   *See also* Transcript of criminal trial dated February 25, 2008 and   March 31, 2008 110:9-10 attached hereto as Group Exhibit C. With respect to the guilty verdict on the count of aggravated assault, Judge Marcus Salone

1

specifically found Plaintiff guilty on Count 27, aggravated assault of Chicago Police Officer Joseph Wagner, based upon the trial testimony that Plaintiff had pointed his gun at Officer Wagner just prior to being shot. *See* Exhibit C 108:1-20, 110:9-10. On July 17, 2008, Plaintiff was sentenced to 6 years in the Illinois Department of Corrections. *See* Exhibit A and Transcript from July 17, 2008 attached hereto as Exhibit D. Although Plaintiff had been found guilty on nine counts at trial, he appears to have been sentenced for only one of those, as the Order committing Plaintiff to the Illinois Department of Corrections states the following: "It is further ordered that all other count's [sic] (2, 3, 4, & 5) merge with Count #1; Bond revoked; Mitt to Issue[1]." *See* Order of Commitment, attached hereto as Exhibit E. The Court's own notes also inexplicably has notes from the clerk in which Plaintiff was found guilty on March 31, 2008 in which the clerk writes "PNGJWFG ct 1, 2, 3, 4, 22, 23, 24, 25 FNG ct 26 & 28 FG ct 27." *See* Court file notes attached hereto as Exhibit F. On the July 17, 2008, Plaintiff's sentencing date, the clerk's notes indicate that Plaintiff was sentenced on Count 1, with Counts 2, 3, 4, 5 merge with count 1. *Id*. The Order, and transcript from the July 17, 2008 sentencing hearing are silent as to Count, 22, 23, 24, 25 and 27 (the aggravated assault charge).

## ARGUMENT

I.  **Plaintiff should be collaterally estopped from testifying or arguing that he did not point a gun at Defendant**

Plaintiff's lawsuit currently consists of a single §1983 excessive force claim against Defendant Wagner. Defendant Wagner has consistently testified that he shot Plaintiff because Plaintiff pointed a gun at him, causing Defendant Wagner to fear that Plaintiff might shoot at him at any moment. Plaintiff originally claimed that he never possessed a gun at all. Now, because

---

[1] The other glaring error on the Order of Commitment is that Count 5 appears to have been merged into Count 1 along with Counts 2, 3, and 4, however, Count 5 was nolled on March 31, 2008.

2

of this Court's ruling that Plaintiff's criminal conviction for being an armed habitual criminal forecloses his ability to continue his denial of possession, Defendants anticipate that Plaintiff will offer testimony or argument that while he did possess a gun, he did not point it at any police officer. Plaintiff should be collaterally estopped from providing such testimony or argument, because doing so would amount to relitigating an issue that was already decided at his criminal trial when he was found guilty of committing aggravated battery against Defendant Wagner by pointing a gun at him.

Collateral estoppel is an equitable doctrine that prevents a party from relitigating an issue that has been decided in a prior proceeding. *Talarico v. Dunlap*, 177 Ill.2d 185, 191, 685 N.E.2d 325 (1997). Collateral estoppel applies to rulings of law as well as to findings of fact. *Rekhi v. Wildwood Indus., Inc.*, 61 F.3d 1313, 1317 (7th Cir. 1995). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States*, 440 U.S. 147, 153 (1979). "To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Id.* at 153–154.

The Supreme Court has noted that a federal court must "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry,* 449 U.S. 90, 96 (1980). When determining whether to give preclusive effect to state-court judgments, federal courts should apply state collateral estoppel law in

3

determining whether a § 1983 claim is precluded by a prior state proceeding. *See Haring v. Prosise,* 462 U.S. 306, 313–314 (1983). Under Illinois law, collateral estoppel applies where: "(1) the issue decided in the prior adjudication is identical with the one presented in the suit in question; (2) there was a final judgment on the merits in the prior adjudication; and (3) the party against whom the estoppel is asserted was a party or in privity with a party to the prior adjudication." *Lyttle v. Killackey,* 546 F. Supp. 2d 583, 588 (N.D. Ill. 2008) (*citing Bajwa v. Metro. Life Ins. Co.,* 208 Ill.2d 414 (2004)). Collateral estoppel only applies to a "point or question *actually litigated* and determined." *Hous. Auth. for La Salle County v. Y.M.C.A.,* 101 Ill.2d 246, 252, 461 N.E.2d 959, 962 (1984). However, "'actually litigated' does not mean thoroughly litigated, but only that the parties disputed the issue and the trier of fact resolved it." *Taylor v. Peoples Gas Light & Coke Co.,* 275 Ill.App.3d 655, 663, 656 N.E.2d 134, 141 (1st Dist.1995).

Finally, "[i]t is generally accepted that a criminal conviction collaterally estops a defendant from contesting in a subsequent civil proceeding the facts established and the issues decided in the criminal proceeding. *Talarico*, 177 Ill.2d at 193 (citing C.J.S. *Judgments* §922 (1997)). More specifically, it is well-settled that issues decided in state criminal proceedings may estop subsequent litigation for violations of civil rights under § 1983. *Arnold v. City of Chicago*, 776 F.Supp. 1259 (N.D. Ill. 1991)(citing *Allen v. McCurry,* 449 U.S. 90, 104 (1980)). *See also Appley v. West,* 832 F.2d 1021, 1025-26 (7th Cir.1987).

The Seventh Circuit case of *Brown v. City of Chicago*, 599 F.3d 772 (7th Cir. 2010) provides a strikingly similar set of facts. In *Brown*, the Seventh Circuit held that the criminal conviction of a shooting victim barred his §1983 excessive force claim against the police officer

4

who shot him. *Id.* There, the plaintiff sued the shooting officer under §1983 for excessive force, alleging that the officer shot him without justification, claiming that he did not have a gun, that the officer shot him in the back, and that the officer placed a "drop" gun in his hand. *Id.* However, Plaintiff had been convicted of multiple counts of aggravated assault, aggravated unlawful use of a weapon, and unlawful possession of a weapon by a felon, all arising from the underlying incident with the shooting officer. *Id.* As a result, the Seventh Circuit held that the plaintiff's conviction precluded his relitigation of issues that were necessarily decided in prior criminal proceedings. Specifically, plaintiff's state court convictions on the counts listed above "necessarily determined that [plaintiff] possessed a weapon and pointed it at [the shooting officer]," justifying the officer's use of force. *Id.* at 775.

Here, the doctrine of collateral estoppel should give preclusive effect to the findings of the judge in Plaintiff's criminal case. First, there is no question that an issue decided in Plaintiff's criminal case is identical with one presented here. Second, there was a final judgment on the merits in the prior adjudication. Third, Plaintiff was obviously a party in his own criminal case. The issue of whether or not Plaintiff pointed a gun at Defendant Wagner was directly addressed by the Circuit Court of Cook County, when the judge in Plaintiff's criminal trial found Plaintiff guilty of committing an aggravated assault against Defendant Wagner. In finding Plaintiff guilty of that crime, the judge must have necessarily made the finding of fact that Plaintiff had pointed his gun at Wagner, since there was literally no other evidence offered to support such a verdict. Essentially, Plaintiff hopes to have a jury in this lawsuit agree with him that he did not point a gun at Defendant Wagner, leading to the following set of logically inconsistent verdicts: Plaintiff is guilty of committing aggravated assault for having pointed a gun at Defendant Wagner, but Defendant

5

Wagner is liable for using excessive force because Plaintiff never pointed a gun at him. The doctrine of collateral estoppel should foreclose such incompatible results.

II. **Plaintiff may not rely upon the "peculiar circumstances" exception to the doctrine of collateral estoppel**

The doctrine of collateral estoppel does have limited exceptions, which generally fall into two categories: additional evidence and peculiar circumstances. *Stevenson v. City of Chicago*, 638 F.Supp 136, 139 (N.D. Ill, 1986) (Hart) (*citing People v. Armstrong*, 56 Ill. 2d 159, 306 N.E.2d 14 (1973)). The Illinois Supreme Court first addressed the "peculiar circumstances" exception in *People v. Hopkins*, where it suggested that there should be a forum for review of the decision in order to properly apply the doctrine of collateral estoppel. *People v. Hopkins*, 52 Ill.2d 1, 4, 84 N.E.2d at 284-85 (1972). *See also Id.* Then, in *People v. Mordican*, "the Illinois Supreme Court extended this reasoning and held that lack of opportunity for appellate review was a peculiar circumstance justifying departure from the ordinary application of collateral estoppel." *Stevenson v. City of Chicago*, 638 F.Supp 136, 139 (N.D. Ill, 1986) (Hart) (*citing People v. Mordican*, 64 Ill.2d 257, 261-262, 356 N.E.2d 71, 73-74 (1976)). In other words, where the outcome of a criminal case forecloses the possibility of an appeal, then the collateral estoppel doctrine is inapplicable, and an issue may be relitigated. *Id.*

The Seventh Circuit addressed a similar issue in *Brown v. Green*¸ in which a §1983 Plaintiff was found guilty of criminal battery and resisting arrest at the criminal trial and the District Court Judge in the civil case excluded that evidence because the conviction was ultimately vacated. *Brown v. Green*, 783 F.2d 202, 204 (7th Cir. 1984). The Seventh Circuit reasoned that even though the conviction was vacated and Plaintiff was given a sentence of supervision, there was still a finding of guilt on the merits and allowed the court records as *prima facie* evidence that

6

the Plaintiff struck the defendant officer. *Id*. at 204 and 208. While this case does not directly address the doctrine of collateral estoppel, it is telling that the Seventh Circuit does not strictly adhere to a final judgment or conviction on the merits for evidence of a criminal factual finding to be admitted.

Here, Plaintiff will no doubt argue that the final judgment in a criminal case is the imposition of a sentence, and that because his findings of guilt were merged for sentencing on a single count, the guilty verdict for aggravated assault was not appealable and his case falls within the "peculiar circumstances" exception to the doctrine of collateral estoppel. *See People v. Warship*, 59 Ill.2d 125, 130 (1974). However, this Court should still apply the doctrine of collateral estoppel. First, the fact that Plaintiff was not sentenced for the aggravated assault charge appears to be an administrative error by the Circuit Court of Cook County. That charge was not merged with the armed habitual criminal charge for sentencing purposes like the others. Second, the United States Supreme Court has stated that the lack of appellate review is not determinative of whether or not collateral estoppel should apply. *See Standefer v. U.S.*, 447 U.S. 10, 23 n. 18, 100 S. Ct. 1999 (1980) ("This is not to suggest that the availability of appellate review is always an essential predicate of estoppel.")

The United States Supreme Court's language in *Standefer* was relied upon in *Thompson v. Mueller*, where the district court judge held that the "peculiar circumstances" exception was not applicable, even though the plaintiff in that civil case did not have the opportunity to appeal the decision in question because he had been acquitted. *Thompson v. Mueller*, 976 F.Supp.762, 766 (N.D.Ill 1997) (Alesia). In *Thompson*, the court held that the doctrine of collateral estoppel applied in his civil case, despite the fact that Plaintiff could not appeal the finding by the criminal

7

court judge that probable cause had existed for his arrest. *Id*. The probable cause issue was litigated over the course of two days in the criminal court by testimony and the Court made its decision based on the credibility of witnesses, which was unlikely to be overturned on appeal even if such an appeal had been possible. *Id*. Therefore, the *Thompson* court reasoned, the application of the collateral estoppel doctrine was not unfair to the plaintiff, despite the lack of appellate review. *Id*. Thereafter, district courts have decided whether or not to apply the 'peculiar circumstances' exception on a case by case basis. *James v. Concepcion*, 1998 WL 729757, *5 (N.D.Ill. 1998) (Williams).

In this case, Plaintiff was tried over the course of two days on February 25 and March 31, 2008. During that trial, the following witnesses testified: Defendant Wagner; Officer James Triantafillo, Wagner's partner and eyewitness to the shooting; Stephen Coleman, another Chicago police officer and eyewitness to Plaintiff as he pointed a gun at Wagner; James Shader a Chicago police forensic investigator who gathered evidence at the crime scene; and Chris Matias, a Chicago police detective who took Plaintiff's statement while inside the ambulance and recovered Plaintiff's clothes from the hospital. Cook County Circuit Court Judge Sloane had an opportunity to observe each of these witnesses and judge the credibility of each. Based upon the testimony of several of those witnesses that Plaintiff had pointed a gun at Defendant Wagner, Judge Sloane found Plaintiff guilty of aggravated assault to Joseph Wagner (Count 27 of the indictment). Even if Plaintiff had been able to appeal that guilty verdict, it is extremely unlikely that the appellate court would overturn Judge Sloane's verdict, which was entirely based upon the credibility of the police personnel who testified, particularly given the fact that Plaintiff opted not to provide

contradictory testimony on his own behalf. Application of the doctrine of collateral estoppel against Plaintiff in this case would not be unfair to him, and this Court should apply it.

## CONCLUSION

For the reasons explained above, Plaintiff should be collaterally estopped from testifying or arguing that he did not point a gun at Defendant Wagner on September 22, 2006.

Respectfully submitted,
Joseph Wagner

By: /s/ Caroline Fronczak
Caroline Fronczak
Assistant Corporation Counsel

30 North La Salle Street, Suite 900
Chicago, Illinois 60602
(312) 744-5126
Attorney Number 06284817

## CERTIFICATE OF SERVICE

I, Caroline Fronczak, an attorney, certify that I caused to be served Defendant Joseph Wagner's Motion *in limine* #27 via ECF filing on August 19, 2014 to:

    David M. Alen
    Rachel T. Nguyen
    E. Jason Burke
    Faegre Baker Daniels LLP
    311 South Wacker Drive
    Suite 4400
    Chicago, Illinois 60606.